IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 82**

| | |
|---|---|
| WALGREENS HEALTH INITIATIVES, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CASE NEW HOLLAND, INC., a Delaware corporation,<br><br>Defendant. | No. _____<br>**JUDGE COAR**<br>**MAGISTRATE JUDGE NOLAN**<br><br>**JURY DEMANDED** |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

1.  In this action, plaintiff Walgreens Health Initiatives, Inc., formerly known as WHP Health Initiatives, Inc., ("WHI") seeks compensatory and punitive damages and declaratory relief against defendant Case New Holland, Inc. ("CNH") arising out of CNH's breach of its contractual obligations under a Prescription Service Agreement (hereinafter the "Agreement") between the parties and CNH's conversion of funds belonging to WHI.

2.  Most immediately at issue are rebate checks totaling almost $850,000 sent erroneously by WHI to CNH in March 2007 and June 2007. In defiance of its obligations under both the parties' Agreement and Illinois law, CNH has refused to return these checks, willfully and improperly converting the funds to its own use. Also at issue are CNH's failure and continuing breach to pay for certain services admittedly rendered by WHI. To settle this latter question and various unwarranted claims made by CNH, WHI also seeks declaratory relief in this case.

464554

## THE PARTIES

3.   Plaintiff Walgreens Health Initiatives, Inc., formerly known as WHP Health Initiatives, Inc. (hereinafter "WHI" or Plaintiff"), is an Illinois corporation with its principal place of business and corporate headquarters in Deerfield, Illinois. WHI is in the business, among other things, of providing prescription benefit management and claim processing services to corporate sponsors of health benefit programs.

4.   Defendant Case New Holland, Inc. (hereinafter "CNH" or "Defendant") is a Delaware corporation with its principal place of business in Racine, Wisconsin. An agricultural and construction equipment corporation, CNH sponsors health benefit programs for its employees and, for a time, used WHI's prescription benefit management and claim processing services as part of that program.

## JURISDICTION AND VENUE

5.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the dispute is one between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.   Venue properly lies in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391 because the events giving rise to the claims asserted herein occurred in this District.

## THE FACTS

A. **CNH Benefits From WHI's Prescription Benefit Management Services.**

7. CNH provides its employees with certain health benefit programs, including a program under which their employees can, at a managed cost, purchase prescription drugs.

8. Effective January 1, 2004, CNH entered into a Prescription Service Agreement (the "Agreement") with WHI under which WHI was to act as the sole and exclusive provider of prescription benefit management and pharmacy claim processing services to and on behalf of CNH and its employee participants. (A true and accurate copy of the Agreement is attached hereto as **Exhibit A**).

9. Under the Agreement, CNH was obligated to pay for WHI's services in a timely fashion. The Agreement expressly reinforced the material importance of this requirement, stating that "[a]t no time may [CNH] withhold payment for services provided by WHI . . . nor pay an amount less than that billed by WHI," even where it questioned or contested the amounts owed. Agreement, §C.3. As the Agreement specifies, any necessary adjustment was to be made only after payment was made. *Id.*

10. Under the Agreement, WHI not only provided services, but also agreed to make certain rebate payments to CNH (the "WHI Payments") for each prescription drug claim paid by CNH during the term of the Agreement. These payments were to be made in arrears nine (9) months after the quarter in which services were provided. WHI agreed to make these payments to CNH in anticipation of certain Manufacturer Incentives it expected to receive from

46554                                    3

pharmaceutical companies because of WHI's role in servicing the CNH health benefits prescription drug plans.

11. The WHI Payments were to be made regardless of the amount of any Manufacturer Incentives received by WHI, provided that CNH did not materially change its benefit design or WHI's formulary. Because of the resulting risk to WHI, WHI provided certain protections for itself in the Agreement with respect to the WHI Payments. These included that WHI could stop the payments to CNH if CNH materially changed the program in any respect, as determined in WHI's sole discretion. Agreement, §A.4(e).

12. WHI was also entitled to cease making payments, even if already accrued, if CNH breached the Agreement, terminated the Agreement or terminated some portion of it that would in WHI's sole discretion materially affect WHI's ability to receive Manufacturer Incentives. As specified in Section A.4(f) of the Agreement:

> (f) . . . WHI Payments will immediately cease accruing to [CNH] and [CNH] hereby expressly authorizes WHI to retain any and all WHI Payments that have accrued to such date, upon the occurrence of any of the following:
>
> i. breach by [CNH] of any obligations set forth in this Agreement;
>
> ii. termination of this Agreement by either party or receipt by WHI of notice from [CNH] that [CNH] intends to terminate any portion hereof which in WHI's sole discretion may adversely impact the value of Manufacturer Incentives WHI receives hereunder;
>
> iii. WHI's exercise of its right to terminate any clinical program services, including formulary management, under Section B.1, below if, in WHI's sole discretion, such termination may adversely impact the value of Manufacturer Incentives WHI receives hereunder; and

      iv.    any change in the pharmaceutical industry practices regarding the payment of Manufacturer Incentives.

13.    Pursuant to Sections C.4 and G.8 of the Agreement, CNH agreed to pay all expenses, including attorneys' fees, in connection with enforcement of the Agreement.

**B.**    **<u>CNH Terminates And Breaches The Agreement.</u>**

14.    CNH failed to pay certain amounts owed and billed under the program, withholding payment in express violation of Section C.3 and thereby breaching the Agreement. WHI has repeatedly informed CNH that the amounts are due and owing, but CNH has failed to pay the required amounts. Until recently, CNH has never raised any objection to the amounts set out as due and owing.

15.    CNH terminated the Agreement effective as of December 31, 2006.

16.    During 2007, after CNH's breach and later termination of the Agreement, WHI mistakenly sent two checks to CNH for WHI Payments for the second and third quarters of 2006. These were provided by way of a check numbered 10344904, in the amount of $419,363.96, and a check numbered 10397492, in the amount of $428,371.11. Pursuant to Section A.4(f), these amounts were not owed, given CNH's termination and breach of the Agreement.

17.    On October 25, 2007, having realized that the payments were mistakenly made, WHI sought their return from CNH and sent a letter to CNH to that effect. On the same date, WHI also reminded CNH that it was delinquent on $12,390.95 owed to WHI for pharmacy benefit management services WHI rendered to CNH under the Agreement. WHI also reminded CNH that CNH's failure to pay for these services additionally harms WHI's network pharmacies,

as the network pharmacies continue to go unpaid for medication dispensed to CNH members. (A true and correct copy of the October 25, 2007 letter is attached hereto as **Exhibit B**).

18. CNH refused to return the checks or refund the amounts covered by them. Instead, on November 21, 2007, CNH requested that WHI "substantiate how the termination 'may adversely impact the value of Manufacturer Incentives WHI receives.'" This request was not in good faith and grossly improper as it was a misapplication of the actual language of the Agreement and was willfully advanced solely to temporize and/or avoid repaying what was owed to WHI under a distorted interpretation of the Agreement and in wanton disregard of WHI's rights. (A true and correct copy of the November 21, 2007 letter is attached hereto as **Exhibit C**).

19. Accordingly, on November 29, 2007 WHI again demanded return of the two rebate checks. (A true and correct copy of the November 29, 2007 letter is attached hereto as **Exhibit D**). Again, instead of complying with the express language of the Agreement, CNH renewed the same improper conduct and responded to WHI on December 7, 2007, by saying that WHI had not identified an "adverse impact" sufficient to justify WHI's retention of the WHI Payments. CNH willfully refused to refund the rebate money to WHI in wanton disregard of WHI's rights. (A true and correct copy of the December 7, 2007 letter is attached hereto as **Exhibit E**).

20. Also on December 7, 2007, and again in defiance of the Agreement, CNH asserted that it was entitled to additional WHI Payments for the last quarter of 2006. At the same time, while purportedly agreeing to reimburse WHI for any pharmacy benefit management services owed, it made no payment of the $12,390.95 previously withheld in violation of Section C.3. As of the filing of this complaint, CNH has failed to pay the invoiced amounts.

21.　WHI has performed all of its obligations under the Agreement. WHI is contractually entitled to the rebate amounts in CNH's possession and entitled to payment for unpaid invoices WHI submitted to CNH for services WHI performed in 2004.

## COUNT I

### (Breach of Contract)

22.　Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 21 above.

23.　The Agreement was a binding contract between WHI and CNH.

24.　CNH failed and refused to perform its obligations under the Agreement by, among other things, failing to return the WHI Payments mistakenly paid.

25.　As a result of CNH's breach, WHI has been damaged in an amount to be proved at trial, not less than $847,735.07.

26.　WHI has performed all of its obligations under the Agreement.

## COUNT II

### (Breach of Contract)

27.　Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 26 above.

28.　The Agreement was a binding contract between WHI and CNH.

29.　CNH failed and has refused to perform its obligations under, and is and has been in breach of the Agreement by withholding amounts billed and refusing to pay amounts owed.

30.　As a result of CNH's breach, WHI has been damaged in an amount to be proved at trial, not less than $12,390.95.

31. WHI has performed all of its obligations under the Agreement.

## COUNT III

### (Account Stated)

32. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 31 above.

33. An account has been duly had and stated between WHI and CNH in the amount of $12,390.95 for unpaid invoices related to WHI's pharmacy benefit management services to CNH under the Prescription Service Agreement. The account is set forth in **Exhibit F** hereto.

34. CNH has acquiesced to the amount of the debt. CNH has raised no objection that these accounts are properly stated and are currently due and owing.

35. Despite promises to do so, CNH has failed to pay the amounts stated in those accounts.

36. As a result of CNH's conduct, WHI has been damaged in the amount of $12,390.95.

## COUNT IV

### (Conversion)

37. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 36 above.

38. CNH has refused to return to WHI the funds represented by the two 2007 checks. WHI has the right to immediate possession of these funds, absolutely and unconditionally, and has made demand for same.

39. CNH converted these funds to its own account and for its own benefit.

40. CNH's conduct has damaged WHI in an amount to be proved at trial, not less than $847,735.07.

41. CNH acted willfully and in a manner that was grossly improper in wanton disregard of WHI's rights.

## COUNT V

### (Declaratory Judgment)

42. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 41 above.

43. The Agreement was a binding contract between WHI and CNH.

44. WHI has performed all of its obligations under the Agreement. Nevertheless, CNH has, as aforesaid, claimed that it was entitled to further WHI Payments under the Agreement.

45. CNH is not entitled to further payment(s) from WHI.

46. An actual controversy exists between WHI and CNH with respect to whether WHI owes CNH any money.

47. A declaration of this Court is necessary to resolve this controversy.

## COUNT VI

### (Declaratory Judgment)

48. Plaintiff realleges and incorporates herein by reference the allegations of Paragraphs 1 through 47 above.

49. The Prescription Service Agreement was a binding contract between WHI and CNH.

50. CNH breached the Agreement by withholding amounts for services rendered and billed to CNH.

51. As a result of CNH's termination and breach of the Agreement, WHI was absolved of any further obligation to make the WHI Payments.

52. WHI made the WHI Payments under the Agreement in error, as no amounts were accruing or were owed after the date of CNH's breach. CNH accordingly is obligated to repay these amounts.

53. On information and belief, CNH disputes the foregoing.

54. An actual controversy exists between WHI and CNH with respect to the foregoing.

WHEREFORE, plaintiff Walgreens Health Initiatives, Inc. respectfully requests that the Court enter judgment as follows:

A. On Count I, a judgment for WHI and against CNH in an amount to be proved at trial, not less than $847,735.07;

B. On Count II, a judgment for WHI and against CNH in an amount to be proved at trial, not less than $12,390.95;

C. On Count III, a judgment for WHI and against CNH in an amount to be proved at trial, not less than $12,390.95;

D. On Count IV, a judgment for WHI and against CNH in an amount to be proved at trial, not less than $847,735.07 and punitive damages to be proved at trial, not less than $1 million;

E. On Count V, a declaration that WHI owes CNH no further amounts;

F. On Count VI, a declaration that CNH must return any WHI Payments made after CNH's breach of the Agreement;

G. On all counts, prejudgment and postjudgment interest and an award to WHI of its attorneys' fees and costs; and

46554

H.   An award of such other and further relief as the Court deems just and appropriate.

### JURY DEMAND

WHI hereby requests trial by jury on all claims above triable to or by a jury.

Dated: January 4, 2008                                    Respectfully Submitted,


                                                          By:  s/Robert E. Shapiro
                                                               Robert E. Shapiro, #3125180
                                                               Jessica Perez Simmons, #6288507
                                                               BARACK FERRAZZANO KIRSCHBAUM
                                                                 & NAGELBERG LLP
                                                               200 West Madison Street, Suite 3900
                                                               Chicago, Illinois  60606
                                                               Phone:  312.984.3100
                                                               Facsimile:  312.984.3150
                                                               E-mail:  rob.shapiro@bfkn.com
                                                               E-mail:  jessica.perez-simmons@bfkn.com

OF COUNSEL:

Darin V. Osmond, #6229991
WALGREEN CO.
104 Wilmot Road, MS 1425
Deerfield, Illinois  60015
Telephone:  847.315.4692
Facsimile:  847.315.4826
darin.osmond@walgreens.com

Attorneys for Plaintiff
Walgreens Health Initiatives, Inc.

46554                                    11