IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALGREENS HEALTH INITIATIVES, INC., an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No.   08 CV 82 |
| CASE NEW HOLLAND, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

**ANSWER OF WALGREENS HEALTH INITIATIVES, INC.
TO COUNTERCLAIM OF CASE NEW HOLLAND**

Plaintiff Walgreens Health Initiatives, Inc. ("WHI"), through its attorneys, hereby answers the counterclaim of Defendant Case New Holland ("CNH") as follows:

**COUNTERCLAIM I (Breach of Contract)**

1.  Effective January 1, 2004, CNH entered into a Prescription Service Agreement (the "Agreement") with WHI. This Agreement was a valid and enforceable contract between CNH and WHI.

**ANSWER:**   WHI admits the allegations of paragraph 1.

2.  Pursuant to Section A.4(e) of the Agreement, WHI was obligated to make certain WHI Payments to CNH, subject to the terms and conditions set forth in Section A.4 and in Attachment A to the Agreement. These WHI Payments were based upon the value of certain Manufacturer Incentives that WHI expected to receive pursuant to the services it provided to CNH under the Agreement.

**ANSWER:**   WHI denies the allegations of paragraph 2, except that WHI admits that there is an Agreement, which speaks for itself.

3. The exact amount of each WHI Payment was to be determined in accordance with the terms of Attachment A to the Agreement. The initial WHI Payment was to be made approximately nine (9) months after the end of the first calendar quarter of services provided under the Agreement, with subsequent payments to be made quarterly thereafter.

**ANSWER:** WHI denies the allegations of paragraph 3, except that WHI admits that there is an Agreement, which speaks for itself.

4. The Agreement was subject to termination by either party at any time without cause upon at least 90 days prior written notice to the other party. Agreement, §E.1. In accordance with this provision, CNH terminated the agreement effective as of December 31, 2006.

**ANSWER:** WHI denies the allegations of paragraph 4, except that WHI admits that there is an Agreement, which CNH terminated effective as of December 31, 2006 and which speaks for itself.

5. In accordance with its contractual obligations under the Agreement, WHI made a WHI Payment to CNH in March 2007 in the amount of $419,363.96. Another WHI Payment was made in June 2007 in the amount of $428,371.11. These payments corresponded to services provided under the Agreement in the second and third quarters of 2006, respectively.

**ANSWER:** WHI denies the allegations of paragraph 5, except that WHI admits that it made payments to WHI pursuant to the Agreement, which speaks for itself.

6. Pursuant to the payment timeline set forth in Attachment A to the Agreement, a WHI Payment for the fourth quarter of 2006 should have been paid on or about October 1, 2007. Based upon the previous WHI Payments, the amount of this payment will likely exceed $400,000. Despite a demand from CNH, WHI has not yet complied with its contractual obligation to provide a WHI Payment for the fourth quarter of 2006.

**ANSWER:** WHI denies the allegations of paragraph 6, except that WHI admits there is an Agreement, which speaks for itself, and that it has made no payment for the fourth quarter of 2006 because none is owed.

7. Section A.4(f)(ii) of the Agreement provided that WHI would be permitted to retain, upon termination of the Agreement, all WHI Payments that had accrued to that date only if the termination would adversely impact the value of Manufacturer Incentives WHI was set to

receive. The termination of the Agreement on December 31, 2006 could not adversely impact the Manufacturer Incentives WHI would receive for services rendered during 2006.

**ANSWER:** WHI denies the allegations of paragraph 7, except that WHI admits that there is an Agreement, which CNH terminated effective as of December 31, 2006 and which speaks for itself.

8. WHI has failed and refused to perform its contractual obligation to make a WHI Payment for the fourth quarter of 2006. As a direct result of WHI's breach, CNH has been damaged in an amount to be proved at trial, but believed to be at least $400,000.

**ANSWER:** WHI denies the allegations of paragraph 8.

### COUNTERCLAIM II (Accounting)

9. CNH incorporates the allegations from Paragraphs 1 through 8 as if they were fully set forth in Counterclaim II.

**ANSWER:** WHI restate as if fully set forth here its responses set forth above to paragraphs 1 through 8.

10. WHI owes CNH a WHI Payment for the fourth quarter of 2006.

**ANSWER:** WHI denies the allegations of paragraph 10.

11. The amount of each WHI Payment was to be determined by the services provided to CNH and a payment table set out in Section VI.A of Attachment A to the Agreement.

**ANSWER:** WHI denies the allegations of paragraph 11, except that WHI admits that there is an Agreement, which speaks for itself.

12. In order to ensure that all amounts owed by WHI are paid, an accounting of the services provided to CNH under this Agreement during the fourth quarter of 2006 is warranted.

**ANSWER:** WHI denies the allegations of paragraph 12.

## AFFIRMATIVE DEFENSES

WHI hereby asserts the following Affirmative Defenses without assuming the burden of proof for which such burden is upon CNH.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1. WHI incorporates herein by reference all of the allegations contained in its Complaint.

2. CNH fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Waiver)

1. WHI incorporates herein by reference all of the allegations contained in its Complaint.

2. CNH has expressly, impliedly and voluntarily relinquished any right to make a claim against WHI based on the alleged misconduct by, among other things, raising no objection and/or bringing no claims and/or by approving of such conduct by themselves.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

1. WHI incorporates herein by reference all of the allegations contained in its Complaint.

2. CNH's claims are barred by the doctrine of unclean hands because any alleged harm to CNH is solely the result of their own conduct in breaching the Agreement.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

1. WHI incorporates herein by reference all of the allegations contained in its Complaint.

2. CNH is estopped from raising the claims asserted in the Counterclaim.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

1. WHI incorporates herein by reference all of the allegations contained in its Complaint.

2. CNH's claims are barred by the doctrine of laches. WHI has been materially prejudiced as a result of CNH's delay and CNH should be precluded from pursuing their claims.

## SIXTH AFFIRMATIVE DEFENSE

1. WHI incorporates herein by reference all of the allegations contained in its Complaint.

2. WHI will rely on all defenses lawfully available to them at the time of trial and reserve the right to amend this Answer to include additional defenses after completion of discovery.

Dated: March 4, 2008                             Respectfully submitted,

                                                 By: s/Jessica Perez Simmons
                                                 Robert E. Shapiro, #3125180
                                                 Jessica Perez Simmons, #6288507
                                                 BARACK FERRAZZANO KIRSCHBAUM
                                                   & NAGELBERG LLP
                                                 200 West Madison Street, Suite 3900
                                                 Chicago, Illinois 60606

Phone: 312.984.3100  
Facsimile: 312.984.3150  
E-mail: robert.shapiro@bfkn.com  
E-mail: jessica.perez-simmons@bfkn.com

OF COUNSEL:

Darin V. Osmond, #6229991  
WALGREEN CO.  
104 Wilmot Road, MS 1425  
Deerfield, Illinois 60015  
Telephone: 847.315.4692  
Facsimile: 847.315.4826  
E-mail: darin.osmond@walgreens.com

Attorneys for Plaintiff  
Walgreens Health Initiatives, Inc.

## CERTIFICATE OF SERVICE

I, Jessica Perez Simmons, an attorney, hereby certify that on this 4th day of March, 2008, service of a copy of the foregoing was accomplished pursuant to ECF as to Filing Users upon the following:

>Daniel R. Burstein
>Michael H King
>Dewey & LeBoeuf LLP
>Two Prudential Plaza
>180 N. Stetson Avenue, Suite 3700
>Chicago, IL  60601
>dburstein@dl.com
>mking@dl.com

>s/ Jessica Perez Simmons

476286_1.DOC